UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
Spottswood W. Robinson III and Robert R. Mehrige Jr.
Federal Courthouse, 701 East Broad Street
Richmond. Virginia 23219

**SHENITRA HALL,**

Plaintiff,

v.   Civil Action No.3:21 cv00052

**THE BANK OF SOUTHSIDE VIRGINIA**
Please Serve:
Joy C. Burroughs
17208 Halligan Park Road
Carson, Virginia 23830-0000
Registered Agent,

Defendant.

## COMPLAINT

This is an action seeking damages and attorney's fees pursuant to the federal Truth-in-Lending Act, 15 U.S.C. § 1601 et seq ("TILA").

### I. Jurisdiction

1.  This Court has jurisdiction as to this case under the provisions of the federal Truth in Lending Act ("TILA") 15 U.S.C. § 1601 et seq. and 28 U.S.C. § 1331.

### II. Parties

2.  The plaintiff, Shenitra Hall ("Hall") is a natural person who resides in the Commonwealth of Virginia.

1

3. The defendant, The Bank of Southside Virginia ("the Bank of Southside") is a for-profit bank doing business in the Commonwealth of Virginia.

## II. Venue

4. Venue is proper in this Court because (a) this complaint avers that the Bank of Southside breached TILA in Dinwiddie County, Virginia and (b) the registered agent of the Bank of Southside is located in Dinwiddie County, Virginia.

## III. Facts.

4. On January 31, 2020, Hall, as debtor, and the Bank of Southside, as creditor, entered into a credit transaction ("the credit transaction") governed by TILA that was evidenced by a note, signed by Hall, secured by a deed of trust that became a lien on her home ("the home") located at 20617 McKenney Highway, Stony Creek, Virginia 238822237.

5. On January 31, 2020 The Bank of Southside was within the definition of "creditor" pursuant to TILA because the Bank of Southside had made applicable consumer credit loans far greater than the threshold to come within "creditor" definition under TILA.

6. The principal on the loan was $92,000.

7. As to the credit transaction, the Bank of Southside provided to Hall a document which was stated to be a disclosure pursuant to TILA, including, inter alia, what was stated to include disclosure of the finance charge ("the finance charge") and annual percentage rate as to the credit transaction.

8. The document described in paragraph 7 of this complaint did not take account of the fact that the Bank of Southside charged Hall $3,000 from the proceeds of the loan that was not disclosed in the said document, as a result of which the said document materially under disclosed the finance charge and the annual percentage rate as to the credit transaction.

9. The finance charge exceeded $2,000.00

### IV. Cause of Action

18. Hall has a claim for a judgment to recover (a) actual damages for recovery of the material overstatement of the finance charge; (b) statutory damages; and (c) attorney's fees.

### V. Call for Jury Trial

19. Hall calls for trial of this case by jury.

### VI. Conclusion

WHEREFORE, Hall prays that the Court enter a judgment in her favor against the Bank of Southside for the amount of overstatement of the finance charge, statutory damages, and attorney's fees.

Respectfully submitted,

SHENITRA HALL,

By: Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (804) 205-9029
henry@mclaughlinvalaw.com
*Counsel for Shanitra Hall*